STATE OF MAINE
CUMBERLAND, SS.



CIVIL ACTION
DOCKET NO. CV-02-410

FIVE LIVER COMPANY,

    Plaintiff

v.

CITY OF PORTLAND,

    Defendant

**DECISION AND JUDGMENT**

## I. NATURE OF CASE

The plaintiff is a Maine corporation that owns real estate on Marginal Way in the Bayside area of the City of Portland, which has been targeted by the City for redevelopment. Pursuant to its sovereign authority and Maine statutes regarding eminent domain,[1] the City of Portland acquired a portion of plaintiff's property for the purpose of establishing a public way in the Bayside area. Five Liver Company (FLC) asserts that it has not received fair value for the taken property and initiated this action.

The propriety of the taking is not at issue, only the valuation and amount of compensation.

## II. BACKGROUND [2]

The taking of the property was on July 3, 2002, and consists of an area of approximately 50 feet by 180 feet, which would extend the course of Chestnut Street, an existing way, to intersect with Marginal Way, the major thoroughfare in the Bayside

---

[1] Title 23 M.R.S.A. § 3021, *et seq.* deals with the requirement that any land to be taken for highway purposes, including a town way, must be based on a determination "that [a] public exigency requires the immediate taking of [the property]" and that the owner be compensated "at what the municipal officers deem reasonable valuation." 23 M.R.S.A. § 3023.

[2] To the extent that the court sets out facts, they constitute the findings of the court unless stated otherwise.

area. The City determined the "reasonable valuation," 23 M.R.S.A. § 3029, of the property to be $215,000.

FLC contends that the property is of significantly greater value because the City did not consider the income potential of the property. FLC bases its greater claim on its earlier application to the Portland Planning Department and the grant of approval for a single-story 18,000 sq. ft. building it intended to lease out as retail property. The taking of the land made it impossible to construct the building as planned.

Prior to its application to the Planning Board, FLC was aware that the City was actively promoting redevelopment of the area, including the probability that Chestnut Street would be extended; however, specifics were not available. The City was attempting to obtain other property, including an unused railroad corridor running through Bayside.

After FLC received its initial go-ahead from the City, it voluntarily agreed to several stays and delays to permit the City more time to work out other acquisition problems.

The City encountered a number of problems with its plans and FLC was, justifiably, getting impatient. In fact, Peter Quesada, a principal in Five Liver, believed that the City was deliberately stalling to condemn the land and to prevent him from building.

On June 2, 2002, FLC sought and received reinstatement of its building permit and commenced site work and construction activity. The City then proceeded with the final steps of the taking including the filing of the requisite certificate in the Registry of Deeds and by tendering payment of $215,000 as just compensation.

The initial taking divided the property and made construction of the original plan impossible; however, after the taking, the parties continued to negotiate which

2

resulted in an "Exchange and Partial Settlement Agreement" (pl. ex. 20) with the result that the City actually received a wider strip, 58 feet, for the Chestnut Street extension and FLC received additional land from the City acquired from an abutter of which Peter Quesada was also a principal.

The after-taking exchange increased the total size of the two bi-furcated parcels and allows for more parking, subject to an easement to the abutter, or the east, to serve the principal lot.

### III. DISCUSSION OF VALUE AND FINDINGS

The issue for determination is the amount of just compensation, if any, over and above the $215,000 paid by the City to FLC after consideration of the effect of the Exchange and Partial Settlement Agreement.

The court received evidence from three persons regarding the appropriate valuation.

Over objection by the City's attorney, the court heard an opinion of value from Peter Quesada that FLC is entitled to an additional sum in excess of $1,040,000.

Quesada is not licensed as an appraiser or realtor in Maine and bases his opinion on his educational background (B.A. Harvard, M.B.A. Yale) and years of substantial experience and involvement with commercial real estate transactions and development.

It is well settled in Maine that the owner of property is qualified to offer opinion evidence as to the value of his property. In this instance, however, the property is not personally owned, but Quesada is a principal in FLC and is as familiar with the property as if he owned it personally. In addition, it appears from the evidence that he possesses the general qualifications to obtain an appraisal license should he choose to

3

do so. Notwithstanding his background, however, the court rejects his opinion of value.

At the time of the formal taking, the City maintains that the commercial real estate market had been negatively effected by the terrorist attacks of September 11, 2001, but due to the passage of time to the taking in July 2002, the court does not believe this is a factor in the valuation of the property. Another event, however, is of more significance; that is, the proposed changes by the Maine Department of transportation (MDOT) which had proposed major traffic pattern changes on Marginal Way and other area streets. Quasada expressed concern of the substantial impact on area real estate and proposed retail development, which was a key component of his plans. Although MDOT later abandoned their proposal, it was still a viable idea, albeit with substantial opposition.

FLC's original parcel included slightly over 300 feet of frontage on Marginal Way. The land, which the city acquired through the taking, consists of a strip, approximately 50 feet wide, running from the front of FLC's property on Marginal Way to the rear line of the parcel. The taking split the parcel into two pieces, both of which abut Chestnut Street and extended and Marginal Way. The eastern most parcel that was cut off is approximately 70 feet wide and a little over 300 feet in depth. The western parcel where FLC wanted to erect its building[3] borders Marginal Way on the North and Chestnut Street on the East and is approximately 186 feet wide and 177 feet deep.

The City's damage award was based on an appraisal by Dirk Thomas, a licensed State of Maine appraiser. Thomas' original appraisal was completed in January 2002. It was later updated to the date of the taking, July 3, 2002. In the update, he determined

---

[3] FLC has now constructed a building on this site that is smaller than their original plan.

that no relevant changes had developed in the interim. He made no changes from his original estimate of $215,000, which was paid to FLC by the City.

In connection with its review and challenge of the taking award, FLC retained the services of an experienced licensed commercial appraiser, Norman Gosline. Gosline provided FLC with an appraisal report and initially offered his opinion that the value of the taken parcel was $570,000.

The project to extent Chestnut Street to Marginal Way required the City to seek to acquire another strip of land to the rear of FLC's property owned by 161 Marginal Way, LLC.[4] By acquiring this parcel, the City would create parking problems at 161 Marginal Way and the mortgage holder for the property objected. The City determined that it could remedy the problem by using part of the land area of the former railroad right-of-way that it was attempting to obtain from MDOT and Guilford (railroad) Transportation.

After the taking, the city began negotiations with FLC to acquire additional land to alleviate the problems. After a lengthy process the parties reached an agreement in March 2005 entitled "Partial Settlement and Exchange Agreement". ("Agreement") Under terms of the Agreement there would be a three-way exchange of land between FLC, the City and 161 Marginal Way, LLC. The three-way exchange would allow the City to acquire the strip of land over the 161 Marginal Way lot as necessary for he extension of Chestnut Street, allow 161 Marginal Way to continue to provide parking for its tenants and would convey an additional land area (approximately 18,000 square feet) to FLC that would increase the total size of FLC's property.

The Agreement also directed that the additional land area to be included as part of the post-taking land area for analysis and assessment of damages in this action. For

---

[4] Peter Quesada and his brother Ricardo are the principals in this entity.

5

the porpose of calculating damages here, the Agreement directs that FLC's more easterly post-taking remainder lot should therefore be reviewed as being comprised of slightly more than 50,000 square feet as opposed to the original 32,000 square feet.

This exchange resulted in new and updated appraisals by Thomas and Gosline.

The burden of proof, that the City's compensation is inadequate, rests solely upon the property owner, FLC. To determine the adequacy of compensation, the court necessarily relies upon experts. FLC rests its claim on Peter Quesada's opinion that is rejected by the court. The court finds his testimony to be too self-serving and without a firm basis in the law. FLC did not call any other expert to testify. FLC has failed to satisfy its burden, but the court must still determine an appropriate value.

Although Gosline was retained by FLC and performed his analysis at FLC's request, he was called to testify by the City. At the conclusion of the case, the court considers the evidence as a whole.

Gosline and Thomas followed the normal appraisal procedures to determine damages by contrasting the fair market value of the property immediately before and after the City's taking. Both appraisers reviewed market evidence and conditions immediately before and after the time of the taking and considered the three accepted appraisal methods: Comparative sales / market analysis; income or capitalization; and, cost analysis.

Both Gosline and Thomas agree that FLC significantly benefited from the added land area under the terms of the Agreement. Gosline's revised estimate, however, includes in his pre-taking valuation an additional $400,000 that represents his opinion of the value of the permits, design and partial construction completed on the site before the building could be constructed.

The City argues against this inclusion because a good portion of this work was done after the formal notice of the city's intent to take the property and after the City had re-issued the building permits in June 2002. As noted above, notwithstanding the City's action in March through June 2002, Quesada was understandably anxious to proceed with some development.

It is somewhat disingenuous for the City to argue against the inclusion of these costs in the face of the delay that caused Quesada to act and that the City actually reissued the building permit to allow FLC to go forward. It is apparent that one part of the City's development team didn't know what another part of city government was doing.

Although Gosline was initially retained by the plaintiff, but presented by the defendant, his testimony is a matter of record. At the close of evidence, the court considers all of the evidence in the record. In this light, the court has rejected the testimony of Peter Quesada as to his opinion of valuation and finds that the "premium" (as it is referred to by the City) of $400,000 as the value of the permits is appropriate. Absent this factor, the difference between the opinions of Thomas and Gosline are slight, although their methodology my differ somewhat.

## IV. DECISION AND JUDGMENT

The court finds that the fair market value for the land ($940,000) and the included permits ($400,000) before the taking is $1,340,000 and that the post-taking value is $950,000 for a net value for the taking of $390,000.

After deduction of the sum previously paid by the City ($215,000), the plaintiff is entitled to judgment in the amount of $175,000.

The clerk will make the following entry as the Decision and Judgment of the court:

- Judgment for plaintiff Five Live company in the amount of $175,000 against the defendant City of Portland.

- The plaintiff is awarded interest and costs as allowed by rule and statute.

SO ORDERED.

Dated: September 5, 2006

Thomas E. Delahanty II
Justice, Superior Court

FIVE LIVER COMPANY - PLAINTIFF

Attorney for: FIVE LIVER COMPANY
JERROL CROUTER  - RETAINED 08/21/2002
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081


vs
CITY OF PORTLAND - DEFENDANT
,
Attorney for: CITY OF PORTLAND
REBECCA FARNUM  - WITHDRAWN 10/16/2003
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

Attorney for: CITY OF PORTLAND
GARY C WOOD  - WITHDRAWN 01/23/2004
OFFICE OF CORPORATION COUNSEL
389 CONGRESS STREET
PORTLAND ME 04101

Attorney for: CITY OF PORTLAND
ROBERT CRAWFORD  - RETAINED 01/16/2004
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00410


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 08/21/2002

## Docket Events:

08/22/2002 FILING DOCUMENT - COMPLAINT FILED ON 08/21/2002
           WITH SUMMARY SHEET

08/22/2002 Party(s):  FIVE LIVER COMPANY
           ATTORNEY - RETAINED ENTERED ON 08/21/2002
           Plaintiff's Attorney: JERROL CROUTER

08/30/2002 Party(s):  FIVE LIVER COMPANY
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/30/2002

08/30/2002 Party(s):  FIVE LIVER COMPANY
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/23/2002
           UPON CITY OF PORTLAND TO ANITA ROBINSON

09/17/2002 Party(s):  CITY OF PORTLAND
           RESPONSIVE PLEADING - ANSWER FILED ON 09/16/2002
           DEFENDANT, CITY OF PORTLAND

09/17/2002 Party(s):  CITY OF PORTLAND
           ATTORNEY - RETAINED ENTERED ON 09/16/2002
           Defendant's Attorney: REBECCA FARNUM

09/30/2002 ORDER - SCHEDULING ORDER ENTERED ON 09/30/2002
           THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
           DISCOVERY DEADLINE IS MAY 30, 2002. PARTIES TO SELECT ADR PROCESS AND NEUTRAL. ON 09-30-02
           COPIES MAILED TO JERROL CROUTER, AND REBECCA FARNUM, ESQS.

12/02/2002 Party(s):  FIVE LIVER COMPANY
           ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 12/02/2002
           MEDIATION WITH PATRICK COUGHLAND, ON 1-15-03.

12/13/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/30/2002
           THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE

12/16/2002 Party(s):  FIVE LIVER COMPANY
           MOTION - MOTION TO AMEND PLEADING FILED ON 12/13/2002
           PLAINTIFF, FIVE LIVER COMPANY ASSENTED TO MOTION TO AMEND SCHEDULING ORDER.

12/17/2002 Party(s):  FIVE LIVER COMPANY
           MOTION - MOTION TO AMEND PLEADING GRANTED ON 12/17/2002
           THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
           COPIES TO PARTIES/COUNSEL

12/17/2002 ORDER - COURT ORDER ENTERED ON 12/17/2002
           THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
           PLAINTIFF, FIVE LIVER COMPANY'S ASSENTED TO MOTION TO AMEND THE SCHEDULING ORDER IN THIS
           CASE BY EXTENDING ALL DEADLINES BY 45 DAYS IS GRATNED BY AGREEMTN OF THE PARTIES. THE
           SCHEDULING ORDER IS HEREBY MODIFIED TO PROVIDE FORTHE FOLLOWING DEADLINES: JOINDER OF
           PARTIES/AMENDMENT OF PLEADINGS, MAR. 17, 2003, PLAINTIFF'S EXPERT DESIGNATION, FEBRUARY
           14, 2003. DEFENDANT'S EXPERT DESIGNATION, APRIL 14, 2003. DEADLINE FOR MEDIATION, MAR. 14,
           2003. JURY FEE DEADLINE, APR. 14, 2003. DISCOVERY DEADLINE  JUNE 16, 2003. ON 12-17-02
           COPIES REBECCA FARNUM, ESQ. AND JERROL CROUTER, ESQ.

02/07/2003 Party(s):  CITY OF PORTLAND
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/07/2003
           DEFENDANT, CITY OF PORTLAND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF
           INTERROGATORIES PROPOUNDED TO PLAINTIFF SERVED ON JERROL A. CROUTER, ESQ. ON FEBRUARY 6,
           2003.

04/14/2003 Party(s):  CITY OF PORTLAND
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/14/2003
           PLAINTIFF'S ANSWERS AND OBJECTIONS TO INTERROGATORIES PROPOUNDED BY DEFENDANT SERVED ON
           REBECCA H. FARNUM ON 4-11-03.

04/14/2003 Party(s):  CITY OF PORTLAND
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/10/2003
           UNOPPOSED MOTION FOR EXTENSION OF TIME TO DESIGNATE EXPERTS.

04/14/2003 Party(s):  FIVE LIVER COMPANY
           JURY FILING - DEMAND FOR JURY TRIAL FILED ON 04/14/2003
           BY LETTER FROM PLANTIFF'S ATTORNEY.  $300.00 FEE PAID.

04/15/2003 Party(s): CITY OF PORTLAND
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/15/2003
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
IT IS HEREBY ORDERED THAT THE TIME WITHIN WHICH DEFENDANT DESIGNATE EXPERTS BE EXTENDED
FROM APRIL 14, 2003 TO AND INCLUDING MAY 1, 2003. ON 04-15-04 COPIES MAILED TO JERROL
CROUTER AND REBECCA FARNUM, ESQS.

05/07/2003 Party(s): CITY OF PORTLAND
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/07/2003
DEFENDANT CITY OF PORTLAND EXPERT WITNESS DESIGNATION SERVED ON JERROL CROUTER ESQ. 05-01-
03.

05/13/2003 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 05/07/2003
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
CASE IS UNRESOLVED. ORDER ENTERED. ON 05-13-03 COPIES MAILED TO JERROL CROUTER, ESQ. AND
REBECCA FARNUM, ESQ.

07/01/2003 Party(s): FIVE LIVER COMPANY
MOTION - MOTION STAY OF PROCEEDINGS FILED ON 06/30/2003
PLAINTIFF, FIVE LIVER COMPANY MOTION FOR STAY OF PROCEEDINGS.REQUEST FOR HEQRING AND
PROPOSED ORDER.

08/08/2003 Party(s): FIVE LIVER COMPANY
MOTION - MOTION STAY OF PROCEEDINGS GRANTED ON 08/07/2003
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
CONDUCTED A TELEPHONE CONFERENCE WITH COUNSEL ON 8-7-03 AND IT IS HEREBY ORDERED THAT AS A
RESULT OF THE DEFENDANT'S CONSIDERATION OF THE TAKING BY EMINENT DOMAIN A STRIP OF LAND ON
A PARCEL ADJACENT TO PLAINTIFF'S PROPERTY, FOR AN EXTENSION OF CHESTNUT IN PORTLAND, THIS
PROCEEDING IS STAYED THROUGH SEPTEMBER 30, 2003. JOINT MOTION TO STAY IS GRANTED UNTIL
JUNE 21, 2004. ON 03-31-04 COPIES MAILED TO ROBERT CRAWFORD, ESQ. AND JERROL CROUTER, ESQ.

10/02/2003 ORDER - COURT ORDER ENTERED ON 10/02/2003
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
IT IS HEREBY ORDERED THAT THE STAY IN THIS MATTER BE EXTENDED THROUGH JANUARY 5, 2004. ON
10-03-03 COPIES MAILED TO REBECCA FARNUM, ESQ. AND JERROL CROUTER, ESQ.

10/10/2003 Party(s): CITY OF PORTLAND
OTHER FILING - ENTRY OF APPEARANCE FILED ON 10/10/2003
OF GARY C. WOOD, ESQ. FOR DEFENDANT.  DB

10/10/2003 Party(s): CITY OF PORTLAND
ATTORNEY - RETAINED ENTERED ON 10/10/2003
Defendant's Attorney: GARY C WOOD

10/16/2003 Party(s): CITY OF PORTLAND
ATTORNEY - WITHDRAWN ORDERED ON 10/16/2003
Defendant's Attorney: REBECCA FARNUM

10/16/2003 Party(s): CITY OF PORTLAND
OTHER FILING - NOTICE WITHDRAWAL OF COUNSEL FILED ON 10/16/2003
OF REBECCA H. FARNUM ESQ., AS COUNSEL FOR THE DEFENDANT, CITY OF PORTLAND.(LLS)

01/15/2004 Party(s): CITY OF PORTLAND
LETTER - FROM PARTY FILED ON 01/15/2004
FROM ROBERT CRAWFORD, ESQ. REQUESTING A TELEPHONE CONFERENCE WITH JUSTICE HUMPHREY. (AD).

01/15/2004 Party(s): FIVE LIVER COMPANY
OTHER FILING - OTHER DOCUMENT FILED ON 01/15/2004
REPLACEMENT SIGNATURE PAGE TO COMPLAINT (DC)

01/16/2004 Party(s): CITY OF PORTLAND
OTHER FILING - ENTRY OF APPEARANCE FILED ON 01/16/2004
OF ROBERT J. CRAWFORD ESQ O/B/O CITY OF PORTLAND (GA)

01/16/2004 Party(s): CITY OF PORTLAND
ATTORNEY - RETAINED ENTERED ON 01/16/2004
Defendant's Attorney: ROBERT CRAWFORD

01/23/2004 Party(s): CITY OF PORTLAND
OTHER FILING - NOTICE WITHDRAWAL OF COUNSEL FILED ON 01/23/2004
OF GARY WOOD, ESQ. ON BEHALF OF DEFENDANT (DC)

01/23/2004 Party(s): CITY OF PORTLAND
ATTORNEY - WITHDRAWN ORDERED ON 01/23/2004
Defendant's Attorney: GARY C WOOD

01/23/2004 HEARING - OTHER HEARING HELD ON 01/21/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
THE COURT HELD A CONFERENCE CALL WITH COUNSEL FOR ALL PARTIES ON JANUARY 15, 2004. COUNSEL
PRESENTED THE COURT WITH A JOINT ORAL MOTION TO CONTINUE AND AMEND THE SCHEDULING ORDER.
(SEE COURT ORDER. )(AD)

01/23/2004 ORDER - COURT ORDER ENTERED ON 01/21/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
ORDER CONTINUING TRIAL AND AMENDING SCHEDULING ORDER.(AD) IT IS HEREBY ORDERED THAT: 1.
THE JOINT MOTION TO CONTINUE IS GRANTED. THIS CASE IS CONTINUED FROM THE FEBRUARY-MARCH,
2004 CIVIL TRIAL LIST. THE CASE WILL BE SCHEDULED FOR TRIAL ON JUSTICE HUMPHREY'S MAY-
JUNE, 2004 CIVIL TRIAL LIST. 2. THE JOINT MOTION TO AMEND SCHEDULING ORDER IS GRANTED. THE
DISCOVERY DEADLINE IS EXTENDED UNTIL MARCH 15, 2004. THE DEADLINE FOR FILING DISPOSITIVE
MOTIONS IS MARCH 25, 2004. 3. BY AGREEMENT OF THE PARTIES  TRIAL IN THIS CSE WILL BE JURY-
WAIVED, AND THE CLERK WILL REMOVE THIS MATTER FROM THE CIVIL JURY LIST. (AD). ON 01-23-04
COPIES MAILED TO JERROL CROUTER AND ROBERT CRAWFORD, ESQS.

01/27/2004 Party(s): FIVE LIVER COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/27/2004
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON ROBERT J. CRAWFORD 01-26-
04. (LLS)

02/25/2004 Party(s): CITY OF PORTLAND
MOTION - MOTION TO AMEND PLEADING FILED ON 02/23/2004
DEFENDANT, CITY OF PORTLAND'S CONSENTED TO MOTION TO AMEND THE ANSWER TO ADD AFFIRMATIVE
DEFENSES, DEFENDANT CITY OF PORTLAND'S ADDITIONAL AFFIRMATIVE DEFENSES, PROPOSED ORDER.
(AD).

02/25/2004 Party(s): CITY OF PORTLAND

MOTION - MOTION TO AMEND PLEADING GRANTED ON 02/25/2003
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
DEFENDANT, CITY OF PORTLAND'S CONSENTED TO MOTION TO AMEND THE ANSWER TO ADD AFFIRMATIVE
DEFENSES IS HEREBY GRANTED. THE PLEADING ATTACHED TO DEFENDANT CITY OF PORTLAND'S MOTION
IS ACCEPTED FOR FILING. ON 02-25-04 COPIES MAILED TO JERROL CROUTER, ESQ AND ROBERT
CRAWFORD, ESQ.

02/26/2004 Party(s): CITY OF PORTLAND
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/26/2004
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION FO DOCUMENTS SERVED ON
JERROL A. CROUTER, ESQ. 02-25-04. (LLS)

03/09/2004 Party(s): FIVE LIVER COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/09/2004
NOTICE OF DEPOSITION OF LEE D. URBAN SERVED ON ROBERT J. CRAWFORD ON 3-4-04 (DC)

03/10/2004 Party(s): CITY OF PORTLAND
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/09/2004
DEPOSITION NOTICES FOR FIVE LIVER COMPANY, NORMAN GOSLINE AND PETER QUESADA SERVED ON
JERROL A. CROUTER, ESQ. ON 3-15-04 (DC)

03/11/2004 ORDER - FINAL PRETRIAL ORDER ENTERED ON 03/11/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
 RULE 16(B) PRETRIAL ORDER ENTERED. AD. ON 03-11-04 COPIES MAILED TO MICHAEL BOSSE, ESQ.,
ROBERT CRAWFORD, ESQ. AND JERROL CROUTER, ESQ.

03/17/2004 Party(s): CITY OF PORTLAND
MOTION - MOTION TO CONTINUE FILED ON 03/17/2004
DEFENDANT, CITY OF PORTLAND CONSENTED TO MOTION TO POSTPONE PRETRIAL MANAGEMENT
CONFERENCE. AD

03/17/2004 Party(s): CITY OF PORTLAND
MOTION - MOTION TO CONTINUE GRANTED ON 03/17/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
DEFENDANT, CITY OF PORTLAND'S CONSENTED TO MOTION TO POSTPONE THE TRIAL MANAGEMENT
CONFERENCE SCHEDULED FOR MARCH 24, 2004, IS HEREBY GRANTED. ON 03-17-04 COPIES MAILED TO
JERROL CROUTER, ESQ AND ROBERT CRAWFORD, ESQ. AD

03/31/2004 ORDER - SCHEDULING ORDER AMENDED ON 03/31/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
THE DISCOVERY DEADLINE IS EXTENDED TO JULY 30, 2004 WITH CORRESPONDING DEADINES FOR THE
CONFERENCE OF COUNSEL TO ESTIMATE TIME FOR TRIA, WITNESS AND EXHIBIT LISTS, MOTION
FILINGS. ON 03-31-04 COPIES MAILED TO ROBERT CRAWFORD, JERROL CROUTER, ESQS.

03/31/2004 ORDER - COURT ORDER ENTERED ON 03/31/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
ORDER CONTINUING TRIAL, STAYING PROCEEDING AND AMENDING SCHEDULING ORDER: IT IS HEREBY
ORDERED: 1. THE JOINT MOTION TO CONINTUE IS GRANTED. THIS CASE IS CONTINUED FROM THE MAY-
JUNE, 2004 CIVIL TRIAL LIST. THE CASE WILL BE SCHEDULED FOR TRIAL ON THIS COURT'S
SEPTEMBER-OCTOBER, 2004 CIVIL TRIAL LIST. 2. THE JOINT MOTION FOR STAY IS GRANTED, AND THE
CASE IS STAYED UNTIL JUNE 21, 2004 TO ENABLE TO PARTIES TO OBTAIN UPDATED APPRAISALS. 3.
THE JOINT MOTION TO AMEND THE STANDING SCHEDULING ORDER OF SEPTEMBER 30, 2002 IS GRANTED.
THE DISCOVERY DEADLINE IS EXTENDED TO JULY 30, 2004 WITH CORRESPONDING DEADLINES FOR THE

CONFERENCE OF COUNSEL TO ESTIMATE TIME FOR TRIAL, TO EXCHANGE WITNESS AND EXHIBIT LISTS
AND FOR MOTION FILINGS THAT FOLLOW THE CLOSE OF DISCOVERY TO ALSO BE EXTENDED ACCORDING TO
THE SAME TERMS AND PERIODS AS SET FORTH IN THE SEPTEMBER 30, 2003 SCHEDULING ORDER. ON 03-
31-04 COPIES MAILED TO JERROL CROUTER, ESQ. AND ROBERT CRAWFORD, ESQ.

08/12/2004 ORDER - FINAL PRETRIAL ORDER ENTERED ON 08/11/2004
G ARTHUR BRENNAN , JUSTICE
RULE 16(B) PRETRIAL ORDER ENTERED. ON 08-11-04 COPIES MAILED TO JERROL CROUTER AND ROBERT
CRAWFORD, ESQS.

08/16/2004 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 08/16/2004
OF PLAINTIFF  (DC)

08/19/2004 Party(s):  FIVE LIVER COMPANY
MOTION - MOTION TO CONTINUE FILED ON 08/18/2004
ASSENTED TO MOTION TO CONTINUE CASE FROM CIVIL TRIAL LIST. AD

08/24/2004 Party(s):  FIVE LIVER COMPANY
MOTION - MOTION TO CONTINUE GRANTED ON 08/20/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
AFTER A CONFERENCE WITH COUNSEL, THE COURT IS SATISFIED THAT A FINAL CONTINUANCE OUGHT BE
GRANTED. ACCORDINGLY, THE ASSENTED TO MOTION TO CONTINUANCE IS GRANTED AND THE CASE IS
ASSIGNED TO THE NEXT CIVIL TRIAL LIST, WHICH IS ANTICIPATED TO BE JANUARY - FEBRUARY 2005.
ON 08-24-04 COPIES MAILED TO JERROL CROUTER, ESQ. AND ROBERT CRAWFORD, ESQ. AD

10/01/2004 Party(s):  FIVE LIVER COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/01/2004
AMENDED DEPOSITION NOTICES FOR FIVE LIVER COMPANY AND PETER QUESADA SERVED ON JERROL A.
CROUTER ESQ. ON 9-30-04 (GA)

02/09/2005 Party(s):  CITY OF PORTLAND
MOTION - OTHER MOTION FILED ON 02/08/2005
OF DEFENDANT, CITY OF PORTLAND MOTION TO ACCEPT TRIAL BRIEF WITH INCORPORATED MEMORANDUM
OF LAW; REQUEST FOR HEARING; PROPOSED ORDER. AD

02/09/2005 Party(s):  CITY OF PORTLAND
OTHER FILING - TRIAL BRIEF FILED ON 02/08/2005
OF DEFENDANT, CITY OF PORTLAND'S TRIAL BRIEF. AD

02/09/2005 Party(s):  FIVE LIVER COMPANY
OTHER FILING - TRIAL BRIEF FILED ON 02/08/2005
OF PLAINTIFF FIVE LIVER COMPANY'S TRIAL BRIEF. AD

02/09/2005 Party(s):  CITY OF PORTLAND
OTHER FILING - WITNESS LIST FILED ON 02/08/2005
OF DEFENDANT'S LIST OF WITNESSES. AD

02/09/2005 Party(s):  CITY OF PORTLAND
OTHER FILING - EXHIBIT LIST FILED ON 02/08/2005
OF DEFENDANT'S LIST OF EXHIBITS. AD

02/15/2005 Party(s):  CITY OF PORTLAND
OTHER FILING - TRANSCRIPT ORDER FORM FILED ON 02/11/2005

ORIGINAL TRANSCRIPT ORDER SENT TO BANGOR ELECTRONIC RECORDING WITH COPY OF DOCKET SHEET
AND RECORDING LOG. COPY OF TRANSCRIPT ORDER FORM IN FILE. AD

02/18/2005 LETTER - FROM NON-PARTY FILED ON 02/18/2005
FROM GAYLE W. KENNEY TO MICHAEL BOSSE ESQ REGARDING TRANSCRIPT COSTS (GM)

02/22/2005 TRIAL - BENCH HELD ON 02/09/2005
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: ROBERT CRAWFORD
Plaintiff's Attorney: JERROL CROUTER
NON-JURY TRIAL BEGINS; OPENING STATEMENTS BY BOTH COUNSEL; PLAINTIFF'S TESTIMONY BEGINS.
TRIAL CONTINUED TO 2/9/05; DELAHANTY, J. PRESIDING; TAPE 2472 INDEX 10 - 2563; MICHAEL
BOSSE, ESQ. ALSO PRESENT FOR DEFENDANT.

02/22/2005 TRIAL - BENCH HELD ON 02/10/2005
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: ROBERT CRAWFORD
Plaintiff's Attorney: JERROL CROUTER          Reporter: PHILIP GALUCKI
DAY 2 OF NON-JURY TRIAL CONTINUES. PLAINTIFF'S TESTIMONY CONTINUES; PLAINTIFF RESTS;
DEFENDANT MOVES FOR JUDGMENT AS MATTER OF LAW; MOTION DENIED. DEFENDANT'S TESTIMONY
BEGINS; TRIAL CONTINUED TO 2/11/05; TAPE 2472 INDEX 2574- 4649; TAPE 2473 INDEX 1 -  1141;
MICHAEL BOSSE, ESQ. ALSO PRESENT FOR DEFENDANT. AD

02/22/2005 TRIAL - BENCH HELD ON 02/11/2005
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: ROBERT CRAWFORD
Plaintiff's Attorney: JERROL CROUTER          Reporter: PHILIP GALUCKI
NON- JURY TRIAL CONTINUES; DEFENDANT'S TESTIMONY CONTINUES; DEFENDANT RESTSJERROL CROUTER,
ROBERT CRAWFORD AND MICHAEL BOSSE, ESQS. TO SUBMIT BRIEF FOR THE CLOSING ARGUMENTS; COURT
TAKES MATTER UNDER ADVISEMENT; MICHAEL BOSSE, ESQ. ALSO PRESENT FOR DEFENDANT. AD
                              PLAINTIFF AND DEFENDANT EXHIBITS FOR TRIAL HELD ON 2/9/05 THRU
2/11/05 ARE ENCLOSE IN FILE ON EXHIBIT SHEETS. AD

03/02/2005 OTHER FILING - TRANSCRIPT FILED ON 03/02/2005
THOMAS E DELAHANTY II, JUSTICE
OF TRIAL DATED FEBRUARY 10-11, 2005(TRIAL DATES - FEB 9, 10, 11) THIS TRIAL  WAS TAPED BY
ELECTRONIC RECORDING ON FEB 9 AND PART OF FEB 10, 2005. BEFORE THE HONORABLE THOMAS E.
DELAHANTY II. AD

03/14/2005 Party(s): CITY OF PORTLAND
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/14/2005
CONSENTED-TO MOTION TO EXTEND TIME FOR FILING OF POST-TRIAL CLOSING BRIEF. AD

03/17/2005 Party(s): CITY OF PORTLAND
MOTION - OTHER MOTION MOOT ON 02/08/2005
OF DEFENDANT, CITY OF PORTLAND MOTION TO ACCEPT TRIAL BRIEF WITH INCORPORATED MEMORANDUM
OF LAW; REQUEST FOR HEARING; PROPOSED ORDER. AD          BRIEF FILED ON 02-08-05. NO
NEED TO ACT ON THIS MOTION. AD

03/18/2005 OTHER FILING - TRANSCRIPT FILED ON 03/16/2005
THOMAS E DELAHANTY II, JUSTICE
OFFICIAL TRANSCRIPT FROM ELECTRONIC RECORDING DIVISION;                    BEFORE THE
HONORABLE THOMAS E. DELAHANTY, II, JUSTICE OF THE SUPERIOR COURT, IN PORTLAND, MAINE, ON

WEDNESDAY, FEBRUARY 9, 2005 AND THURSDAY, FEBRUARY 10, 2005. AD

03/21/2005 Party(s): CITY OF PORTLAND
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/21/2005
THOMAS E DELAHANTY II, JUSTICE
DEFENDANT, CITY OF PORTLAND'S CONSENTED-TO MOTION TO EXTEND TIME FOR FILING OF POST-TRIAL
CLOSING BRIEFS IS GRANTED. THE PARTIES SHALL HAVE UNTIL MARCH 24, 2005 TO COMPLETE THE
BRIEFING IN THIS MATTER. ON 03-21-05 COPIES MAILED TO JERROL CROUTER, ESQ. AND ROBERT
CRAWFORD, ESQ. AD

03/24/2005 Party(s): FIVE LIVER COMPANY
OTHER FILING - PROPOSED FINDINGS OF FACT FILED ON 03/24/2005
OF PLAINTIFF WITH CONCLUSIONS OF LAW. (LH)

03/25/2005 Party(s): CITY OF PORTLAND
OTHER FILING - PROPOSED FINDINGS OF FACT FILED ON 03/24/2005
OF DEFENDANT, CITY OF PORTLAND'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH
EXHIBITS A AND B. AD

09/06/2006 FINDING - JUDGMENT DETERMINATION ENTERED ON 09/06/2006
THOMAS E DELAHANTY II, JUSTICE
DECISION AND JUDGMENT: THE COURT FINDS THAT THE FAIR MARKET VALUE FOR THE LAND ($940,000)
AND THE INCLUDED PERMITS ($400,000) BEFORE THE TAKING IS $1,340,000 AND THAT THE POST-
TAKING VALUE IS $950,000 FOR A NET VALUE FOR THE TAKING OF $390,000. AFTER DEDUCTION OF
THE SUM PREVIOUSLY PAID BY THE CITY ($215,000), THE PLAINTIFF IS ENTITLED TO JUDGMENT IN
THE AMOUNT OF $175,000. THE CLERK WILL MAKE THE FOLLOWING ENTRY AS THE DECISION AND
JUDGMENT OF THE COURT: JUDGMENT FOR PLAINTIFF FIVE LIVER COM-

ORDER - COURT JUDGMENT ENTERED ON 09/06/2006
THOMAS E DELAHANTY II, JUSTICE
DECISION AND JUDGMENT: THE COURT FINDS THAT THE FAIR MARKET VALUE FOR THE LAND ($940,000)
AND THE INCLUDED PERMITS ($400,000) BEFORE THE TAKING IS $1,340,000 AND THAT THE POST-
TAKING VALUE IS $950,000 FOR A NET VALUE FOR THE TAKING OF $390,000. AFTER DEDUCTION OF
THE SUM PREVIOUSLY PAID BY THE CITY ($215,000), THE PLAINTIFF IS ENTITLED TO JUDGMENT IN
THE AMOUNT OF $175,000. THE CLERK WILL MAKE THE FOLLOWING ENTRY AS THE DECISION AND
JUDGMENT OF THE COURT: JUDGMENT FOR PLAINTIFF FIVE LIVER COM- IN THE AMOUNT OF $175,000
AGAINST THE DEFENDANT, CITY OF PORTLAND. THE PLAINTIFF IS AWARDED INTEREST AND COSTS AS
ALLOWED BY RULE AND STATUTE. SO ORDERED. ON 09-06-06 COPIES MAILED TO JERROL CROUTER, ESQ.
AND ROBERT CRAWFORD, ESQ. AD  AND MS. DEBORAH FIRESTONE, THE DONALD GARBRECHT LAW
LIBRARY, GOSS MIMEOGRAPH, LOISLAW.COM, INC. AD
Judgment entered for FIVE LIVER COMPANY and against CITY OF PORTLAND in the amount of
$175000.00.

09/06/2006 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/06/2006

A TRUE COPY _Jolly A Bourget_
ATTEST: _____
                    Clerk